Michael S. Agruss (SBN: 259567)
AGRUSS LAW FIRM, LLC
4809 N Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
MELISSA SILVIA

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**
**SAN DIEGO DIVISION**

| | |
|---|---|
| MELISSA SILVIA, <br><br> Plaintiff, <br><br> v. <br><br> INTEL ADVANTAGE, LLC d/b/a CHOICE RECOVERY GROUP, INTEL ADVANTAGE II, LIMITED d/b/a CHOICE RECOVERY GROUP, and PATRICE BRANCH, an individual, <br><br> Defendants. | Case No.: '20CV1157 BEN DEB <br><br> **PLAINTIFF'S COMPLAINT** |

## PLAINTIFF'S COMPLAINT

Plaintiff, MELISSA SILVIA ("Plaintiff"), through her attorneys, Agruss Law Firm, LLC, alleges the following against Defendants, INTEL ADVANTAGE, LLC d/b/a CHOICE RECOVERY GROUP ("Intel Advantage"), INTEL ADVANTAGE II, LIMITED d/b/a CHOICE RECOVERY GROUP ("Intel

Advantage 2") and PATRICE BRANCH, an individual ("Branch") (collectively "Defendants"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA).

2. Count II of the Plaintiff's Complaint is based on the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* ("RFDCPA").

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1337, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

6. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in the City of El Cajon, San Diego

PLAINTIFF'S COMPLAINT

County, State of California.

8. Plaintiff is a consumer as that term is defined by the FDCPA and RFDCPA.

9. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and RFDCPA.

10. Defendants are debt collectors as that term is defined by the FDCPA and RFDCPA.

11. Within the past year of Plaintiff filling this complaint, Defendants attempted to collect a consumer debt from Plaintiff.

12. Intel Advantage and Intel Advantage 2 are a debt collection agency with a principal place of business located in the City of Charlotte, Mecklenburg County, State of North Carolina.

13. Intel Advantage and Intel Advantage 2 are one and the same. They are owned by the same single individual, they have nearly identical names and they perform the same business function – debt collection.

14. Upon information and belief, Branch in an individual residing in City of Charlotte, Mecklenburg County, State of North Carolina.

15. Upon information and belief, Branch is an owner, officer, director and/or partner of Intel Advantage and Intel Advantage 2 and regularly directs the business practices of the debt collection agencies.

16. Defendants' business includes, but is not limited to, collecting on unpaid,

outstanding account balances.

17. Defendants engage in the collection of debt in the State of California.

18. When an unpaid, outstanding account is placed with Intel Advantage and Intel Advantage 2 it is assigned a file number.

19. The principal purpose of Intel Advantage and Intel Advantage 2's business is the collection of debts allegedly owed to third parties.

20. Intel Advantage and Intel Advantage 2 regularly collect, or attempt to collect, debts allegedly owed to third parties.

21. During the course of its attempts to collect debts allegedly owed to third parties, Intel Advantage and Intel Advantage 2 sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

22. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

23. Employees can be held personally liable under the FDCPA. *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp.2d 1051 (C.D. Cal. 2009); See also, *Schwarm v. Craighead*, 552 F. Supp.2d 1056 (E.D. Cal 2008).

24. Most courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, or directors from personal liability under the FDCPA. See *Schwarm v. Craighead*, 552 F. Supp.2d 1056 (E.D. Cal 2008); *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433 (6th Cir. 2008); *Teng v. Metro. Retail Recovery, Inc.*, 851 F. Supp. 61 (E.D. NY 1994); *Del Campo v. Kennedy*, 491 F. Supp 2d 891 (N.D. Cal. 2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F.Supp.2d 615 (D. Utah 2005); *Albanese v. Portnoff Law Associates, Ltd.*, 301 F.Supp.2d 389 (E.D. PA 2004); *Brink v. First Credit Res.*, 57 F.Supp.2d 848 (D.AR 1999); *Pikes v. Riddle*, 38 F.Supp2d 639 (N.D. IL 1998); *Ditty v. CheckRite*, 973 F.Supp. 1354 (D. Utah 1997).

## FACTUAL ALLEGATIONS

25. Defendants are attempting to collect an alleged consumer debt from Plaintiff originating with Credit Shop.

26. The alleged debt at issue arises from transactions for personal, family, and household purposes.

27. Plaintiff does not owe the alleged debt Defendants seeks to collect.

28. In or around March 2020, Intel Advantage and Intel Advantage 2 began placing calls to Plaintiff's father's, Steven Silvia, telephone.

29. In or around March 2020, Intel Advantage and Intel Advantage 2 began

placing calls to Plaintiff's father's telephone number at xxx-xxx-9656, in an attempt to collect the alleged debt.

30. Intel Advantage and Intel Advantage 2 called Plaintiff's father from 904-512-0586, which is one of Intel Advantage and Intel Advantage 2's telephone numbers.

31. In or around March 2020, Plaintiff's father answered Intel Advantage and Intel Advantage 2's collection call and spoke with one of Intel Advantage and Intel Advantage 2's collectors.

32. During the conversation, Intel Advantage and Intel Advantage 2's collector disclosed Plaintiff's alleged debt to Plaintiff's father.

33. Relying on Intel Advantage and Intel Advantage 2's collector's representation that Plaintiff owes a debt, Plaintiff's father made a payment to Intel Advantage and Intel Advantage 2 in the amount of six hundred dollars ($600.00) on behalf of Plaintiff.

34. Plaintiff's father is not a co-signer on Plaintiff's alleged debt and does not now owe Plaintiff's debt.

35. Intel Advantage and Intel Advantage 2's collector was working within the scope of his or her employment when communicating with Plaintiff's father.

36. Intel Advantage and Intel Advantage 2's collector is or should be familiar with the FDCPA.

37. Intel Advantage and Intel Advantage 2's collector knows or should know that the FDCPA prohibits a debt collector from stating that the consumer owes a debt when communicating with any person other than the consumer.

38. Intel Advantage and Intel Advantage 2 was the avenue through which Branch, Intel Advantage and Intel Advantage 2's employees conducted their business operation, namely, debt collection.

39. Branch was responsible for setting the policies and procedures related to the collection practices of Intel Advantage and Intel Advantage 2's employees and directed them to specifically act in the manner described above.

40. During all times pertinent hereto, Branch:

   a. Created the collection policies and procedures used by Intel Advantage and Intel Advantage 2, and their respective employees and agents, in connection with their common efforts to collect consumer debts;

   b. Managed or otherwise controlled the daily collection operations of Intel Advantage and Intel Advantage 2;

   c. Oversaw the application of the collection policies and procedures used by Intel Advantage and Intel Advantage 2 and their employees and agents;

   d. Drafted, created, approved and ratified the tactics and scripts used by Intel Advantage and Intel Advantage 2 and their employees and agents

    to collect debts from consumers, including the tactics and scripts that were used to attempt to collect an alleged debt from Plaintiff as alleged above;

  e. Ratified the unlawful debt collection practices and procedures used by Intel Advantage and Intel Advantage 2 and their employees and agents in connection with their common efforts to collect consumer debts; and

  f. Had knowledge of, approved, participated in, ratified and benefitted financially from the unlawful debt collection practices used by Intel Advantage and Intel Advantage 2 and their employees and agents in attempts to collect an alleged debt from Plaintiff as alleged above.

41. Branch knew that Intel Advantage and Intel Advantage 2 repeatedly or continuously engaged in collection practices.

42. Branch and Intel Advantage and Intel Advantage 2, and their respective agents and employees, knew that the representations made to Plaintiff were false, deceptive and misleading.

## COUNT I
## DEFENDANTS VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

43. Plaintiff repeats and re-alleges paragraphs one (1) through forty-two (42) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

44. Defendants violated the FDCPA based on the following:

a. Defendants violated § 1692b(2) of the FDCPA by communicating with any person other than the consumer for the purpose of acquiring location information about the consumer and disclosing to such person that consumer owes a debt, when Intel Advantage and Intel Advantage 2's collector spoke with Plaintiff's father and disclosed Plaintiff's alleged debt to him;

b. Defendants violated § 1692c(b) of the FDCPA by communicating with third parties in connection with the collection of any debt, with none of the exceptions of this subsection being applicable, when Intel Advantage and Intel Advantage 2's collector spoke with Plaintiff's father and disclosed Plaintiff's alleged debt to him;

c. Defendants violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt, when Defendants attempted to collect a debt from Plaintiff that Plaintiff does not owe and when Defendants falsely represented the alleged debt to Plaintiff's father's to coerce Plaintiff's father into making a payment to Defendants; and

d. Defendants violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when Intel Advantage and Intel Advantage 2 engaged in all of the foregoing

misconduct.

WHEREFORE, Plaintiff, MELISSA SILVIA, respectfully requests judgment be entered against Defendants, INTEL ADVANTAGE, LLC d/b/a CHOICE RECOVERY GROUP, INTEL ADVANTAGE II, LIMITED d/b/a CHOICE RECOVERY GROUP and PATRICE BRANCH, an individual, for the following:

45. Actual damages of $600.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

46. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

47. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

48. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANTS VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

49. Plaintiff repeats and re-alleges paragraphs one (1) through forty-two (42) of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

50. Defendants violated the RFDCPA based on the following:

   a. Defendants violated § 1788.12(b) of the RFDCPA by communicating information regarding a consumer debt to any member of the debtor's

family, with none of the exceptions applicable, when Intel Advantage's collector spoke with Plaintiff's father and disclosed Plaintiff's alleged debt to him and when Defendants falsely represented the alleged debt to Plaintiff's father's to coerce Plaintiff's father into making a payment to Defendants; and

b. Defendants violated the § 1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq.

WHEREFORE, Plaintiff, MELISSA SILVIA, respectfully requests judgment be entered against Defendants, INTEL ADVANTAGE, LLC d/b/a CHOICE RECOVERY GROUP, INTEL ADVANTAGE II, LIMITED d/b/a CHOICE RECOVERY GROUP and PATRICE BRANCH, an individual, for the following:

51. Actual damages of $600.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(a);

52. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(b);

53. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c); and

54. Any other relief that this Honorable Court deems appropriate.

|   |   |
|---|---|
|   | RESPECTFULLY SUBMITTED, |
| DATED: June 24, 2020 | By: /s/ Michael S. Agruss |
|   | Michael S. Agruss |
|   | Attorney for Plaintiff |

PLAINTIFF'S COMPLAINT